UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**DARRELL R. PITTMAN,**

        Petitioner,

v.                                        Criminal Nos. 4:19cr4
                                                            4:19cr35
                                                      Civil Nos. 4:21cv92
                                                             4:21cv93

**UNITED STATES OF AMERICA,**

        Defendant.

## OPINION AND ORDER

This matter is before the Court on a <u>pro se</u> Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner Darrell R. Pittman ("Petitioner") pursuant to 28 U.S.C. § 2255. ECF No. 67.[1] The Government filed a brief in opposition to Petitioner's motion, ECF No. 70, and Petitioner filed a reply, ECF No. 71. For the reasons stated below, Petitioner's motion is **DISMISSED AND DENIED**.

### I. BACKGROUND

In July 2018, Petitioner committed two armed robberies. In the first armed robbery, Petitioner stole a Lyft driver's vehicle. ECF No. 36, at 1-2. In the second, which occurred just days after the first, Petitioner stole a Papa John's Pizza ("Papa John's") delivery vehicle. <u>Id.</u> at 2-3. Petitioner committed both armed

---

[1] Unless otherwise stated, all ECF citations refer to Case No. 4:19cr4. In Case No. 4:19cr35, Petitioner's motion is docketed as ECF No. 48.

robberies by brandishing a firearm and coercing the driver into giving up the keys to the vehicle as well as their personal belongings. Id. at 1, 3; ECF No. 58, at 8. In January 2019, Petitioner committed a third armed robbery by pointing a firearm at a Sunoco gas station clerk and stealing the money inside the cash register. ECF No. 36, at 4-5.

In light of his conduct, a grand jury returned two indictments against Petitioner. The first, Case No. 4:19cr4, was for the Lyft and Papa John's armed robberies, and it charged Petitioner with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); two counts of carjacking, in violation of 18 U.S.C. § 2119; and two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 20. The two § 924(c) counts identified Hobbs Act robbery and carjacking as the predicate crimes of violence. Id. at 9, 12. The second indictment, Case No. 4:19cr35, was for the Sunoco armed robbery, and it charged Petitioner with one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Case No. 4:19cr35, ECF No. 1. The predicate crime of violence for the § 924(c) charge was Hobbs Act robbery. Id. at 3.

On August 2, 2019, Petitioner entered into a plea agreement with the Government and pled guilty to all three § 924(c) charges. ECF No. 35, at 1-2. In exchange, the Government agreed to dismiss all of the other counts against Petitioner. Id. at 6. At the plea hearing, the Court instructed Petitioner with respect to the § 924(c) charges in Case No. 4:19cr4 as follows:

> Q. In Case No. 4:19cr4 you are charged in Count 4 and in Count 7 with brandishing a firearm in furtherance of a crime of violence, in violation of Title 18 of the United States Code 924(c)(1)(A). In order to convict you of each of these crimes, the government would have to prove each of the essential elements of the crime beyond a reasonable doubt; therefore, the government would have to prove that here in the Eastern District of Virginia, with respect to each of these, Count 4 and Count 7, one, you brandished a firearm; that is you displayed all or part of a firearm or otherwise made the presence of a firearm known to another person in order to intimidate that person, and two, that you did so in furtherance of a crime of violence. And here with respect to both Count 4 and Count 7, the underlying crime of violence is identified as either interference with commerce by robbery or carjacking. . . .
>
> Do you understand the nature of the charge in Count 4 and Count 7 of the second superseding indictment and the essential elements of such charge that I've just reviewed with you?
>
> A. Yes, sir.

ECF No. 41, at 9-10. The Court then provided a similar instruction for the § 924(c) charge in Case No. 4:19cr35:

> Q. In Case No. 4:19cr35 you are charged in Count 2 with brandishing a firearm in furtherance of a crime of violence in violation of Title 18 of the United States Code, Section 924(c)(1)(A). In order to convict you of this crime, the government would have to prove each of the essential elements of the crime beyond a reasonable

3

> doubt; therefore, the government would have to prove that here in the Eastern District of Virginia, one, you brandished a firearm; that is, you displayed all or part of a firearm or otherwise made the presence of a firearm known to another person in order to intimidate that person, and two, that you did so in furtherance of a crime of violence. Here, the underlying crime of violence is identifie[d] as interference with commerce by robbery. . . .
>
> Do you understand the nature of the charge in Count 2 of the indictment and the essential elements of that charge that I've just reviewed with you?
>
> A. Yes, sir.

Id. at 11.

On June 9, 2020, this Court sentenced Petitioner to seven years consecutive on each of the three § 924(c) convictions—for a total of 21 years' imprisonment. ECF No. 56, at 2. As provided in § 924(c)(1)(A)(ii), this sentence was the minimum sentence allowed by law for Petitioner's conduct.

On December 7, 2020, Petitioner filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), advancing four claims in support of his motion. ECF No. 59. After the parties finished briefing the compassionate release motion, but before the Court ruled, Petitioner filed the instant § 2255 motion, which advanced several arguments that overlapped with two of Petitioner's claims in his compassionate release motion. ECF No. 67. On July 26, 2021, the Court ruled on Petitioner's compassionate release motion, denying two claims on the merits but

4

taking the two claims that overlapped with Petitioner's § 2255 claims under advisement. ECF No. 68.

## II. STANDARD OF REVIEW

A federal prisoner may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner must prove by a preponderance of the evidence (1) that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," (2) that the district court "was without jurisdiction to impose such sentence," (3) that the sentence exceeds "the maximum authorized by law," or (4) that the sentence or conviction is "otherwise subject to collateral attack." Id.; Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing[,] . . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

While a § 2255 motion enables a petitioner to collaterally attack his sentence or conviction by initiating a new proceeding, the existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). On the contrary, with limited

5

exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The "higher hurdle" applies because, once a petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 165-66. For this reason, the doctrine of procedural default generally prevents a district court from reaching the merits of a § 2255 claim that could have been raised on direct appeal unless a petitioner can show two things: (1) "cause" excusing the failure to directly appeal the alleged error; and (2) "actual prejudice" resulting from the alleged error. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). Alternatively, a petitioner may overcome his default by demonstrating "actual innocence by clear and convincing evidence." Id.

"The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493) (internal quotation marks omitted). As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice"; rather, he must show that errors caused an "actual and substantial disadvantage," infecting the entire

6

criminal proceeding with an "error of constitutional dimensions." Frady, 456 U.S. at 170.

### III. ANALYSIS

Petitioner's statute of conviction, § 924(c)(1)(A), prohibits using a firearm "during and in relation to any crime of violence." A "crime of violence" is defined in § 924(c)(3) as any felony that either (1) has an element that requires "the use, attempted use, or threatened use of physical force" (the "force clause"), or (2) "by its nature, involves a substantial risk that physical force" will be used during the offense (the "residual clause"). However, in United States v. Davis, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that the residual clause in § 924(c)(3) was unconstitutionally vague.

Seemingly relying on Davis, Petitioner appears to advance three arguments in support of his § 2255 motion. First, Petitioner argues that the indictments were deficient because neither indictment specified whether Petitioner's § 924(c) convictions were predicated on the force clause or the residual clause. ECF No. 67, at 5. Second, because of such deficiency, Petitioner asserts that his convictions are invalid because they could have been based on the unconstitutional residual clause. ECF No. 71, at 2. Third, Petitioner maintains that the Government's dismissal

7

of his predicate charges as part of his plea agreement rendered his § 924(c) convictions invalid. ECF No. 59, at 3.

The Government, in response, contends that Petitioner's claims are procedurally defaulted because he did not previously raise them in this Court or on direct appeal. ECF No. 70, at 13. The Court agrees, and further notes that Petitioner has not presented any argument to overcome his procedural default. See United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012) (indicating that the burden to overcome a procedural default rests with the "person attacking his conviction"). None of Petitioner's filings address cause or actual prejudice, see ECF Nos. 67, 71, and the Court's independent review of the record did not reveal any plausible argument supporting such a claim.[2] Petitioner likewise fails to make a meaningful showing of actual innocence. ECF No. 67, at 5. Accordingly, Petitioner's § 2255 motion is **DISMISSED** as procedurally defaulted.

The Court alternatively finds that even if Petitioner did not procedurally default on his claims, all three of Petitioner's

---

[2] Nothing in the record suggests that there was something external to the defense that impeded Petitioner from raising his deficient indictment claim on direct review. See Pettiford, 612 F.3d at 280. Nor does the record supply a colorable basis to conclude that Petitioner was prejudiced by the indictment's alleged deficiency, as it cannot be said—given the quantum of evidence against Petitioner and the specificity of the indictment—that the alleged deficiency affected Petitioner's decision to plead guilty. See United States v. Higgs, 353 F.3d 281, 306-07 (4th Cir. 2003) (holding that "the failure of an indictment to allege an element of a charged offense" is subject to harmless error review).

8

claims fail on the merits. First, Petitioner waived his deficient indictment claim when he pled guilty, see United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004) ("When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea."); United States v. Cotton, 535 U.S. 625, 631 (2002) (holding that a deficient indictment is not a jurisdictional defect), and even if he did not, there is no requirement that an indictment expressly reference either the force clause or the residual clause to be valid.[3] Such clauses are purely definitional, and it is well established that an indictment need not include the definition of a statutory term to be valid.[4] See Hamling, 418 U.S. at 118-19; United States v. Wicks, 187 F.3d 426, 428 (4th Cir. 1999).

Second, Petitioner's claim that his convictions could have been based on the residual clause is meritless. Both predicate

---

[3] Because an indictment is not required to identify a specific predicate crime of violence, see United States v. Randall, 171 F.3d 195, 205 (4th Cir. 1999), it logically follows that an indictment need not identify which "category" of crime of violence the Government relies upon either.

[4] An indictment is legally sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables [a defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). The indictments here satisfied both requirements. Each count charged Petitioner with brandishing a firearm in furtherance of a "crime of violence" and articulated the predicate offenses relied upon: Hobbs Act robbery and carjacking. ECF No. 20, at 9, 12; Case No. 4:19cr35, ECF No. 1, at 3; see also United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) ("In order to prove a violation of § 924(c)(1), the Government must show two elements: (1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense or crime of violence.").

9

offenses, Hobbs Act robbery and carjacking, are crimes of violence under the force clause. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019); United States v. Evans, 848 F.3d 242, 244 (4th Cir. 2017).

Third, contrary to Petitioner's claim, the dismissal of his predicate offenses has no bearing on his § 924(c) convictions. The Government need not convict a defendant for the predicate offense in order to convict him under § 924(c). United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997) (holding that a defendant's conviction under § 924(c) "does not depend on his being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the elements of that offense are proven and found beyond a reasonable doubt."). This is especially true when, as here, such counts were dismissed <u>as part of the plea agreement</u>. For these reasons, Petitioner's § 2255 motion is alternatively **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion is **DISMISSED AND DENIED**. ECF No. 67; Case No. 4:19cr35, ECF No. 48. Finding that the procedural basis for dismissing Petitioner's motion is not debatable, and separately finding that Petitioner has not made a "substantial showing of the denial of a constitutional right" for any of his claims, a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); see Rules Gov.

10

§ 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b); Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within sixty (60) days** from the date of this Opinion and Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **REQUESTED** to forward a copy of this Opinion and Order to Petitioner and counsel of record for the Government.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 14, 2022

11